at 313. Both of these determinations must be supported by clear and convincing evidence. *Id.*

In the instant case, both parents testified as to their love for JAV and stated that they would never intentionally harm him. Additionally, both of JAV's grandmothers testified concerning the parents' love and attention to their young children. Finally, CYS personnel stated that the parents expressed seemingly genuine concern for JAV's welfare while the boy was hospitalized.

Nonetheless, the medical evidence established that, on at least two occasions, the infant boy was wounded to the point where he sustained painful bone fractures. This, coupled with the parent's inability to satisfactorily explain the injuries, led the lower court to conclude that JAV was presently without proper care and supervision.

We find appellants' argument that the apparent mystery surrounding the source of JAV's injuries somehow works in their favor to be specious. Rather, when determining whether a parent is providing a minor with proper care and control, we believe that the caretaker's acts **and omissions** should weigh equally. The parental duty extends beyond mere restraint from actively abusing a child; rather, there exists a duty to protect the child from the harm that others may inflict.

We therefore hold that the lower court did not err in determining that JAV was a dependent child in need of the care and supervision of the court. Clear and convincing evidence was presented which demonstrated that some person, or persons, was harming the defenseless months-old infant. The fact that his parents express bewilderment over the genesis of these injuries does not obviate their responsibility.

Order affirmed.

Phinas DEAR, Jr., Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted July 26, 1996.

Decided Dec. 3, 1996.

Phinas Dear, Jr., pro se, petitioner.

Mary C. Bodo, Chief Counsel, Harrisburg, for respondent.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

FLAHERTY,[1] Judge.

This case is before us on counsel's petition to withdraw from his representation of Phinas Dear, Jr. (Dear), who appeals from a denial of administrative relief by the Pennsylvania Board of Probation and Parole (Board) recommitting him as technical parole violator. We affirm.

Dear was originally sentenced to ten-to-twenty-one years imprisonment for rape and robbery. His minimum term expiration date was November 5, 1981, and the maximum date was November 5, 2002. Dear was paroled on November 5, 1991, but was recommitted as a technical parole violator on December 18, 1992. On March 14, 1993, he was reparoled until September 14, 1994, when he was again recommitted as a technical parole violator. Dear was reparoled on April 25, 1995, but was arrested on July 8, 1995, and charged with patronizing a prostitute. On that same day, the Board issued a warrant to commit and detain Dear for violations of his parole.

On July 10, 1995, the Board issued a notice of charges and hearing, charging Dear with patronizing a prostitute and two technical parole violations relating to his failure to comply with curfew restrictions. A preliminary hearing date was scheduled for July 26, 1995.[2] On July 18, 1995, Dear appeared before a district justice for a preliminary hearing concerning the prostitution charges. He was found guilty of a lesser charge, disorderly conduct, and was fined $300.

On August 7, 1995, the Board issued a notice of charges and hearing, indicating that Dear was charged with two violations of his curfew restrictions and that a panel violation hearing was scheduled for August 16, 1995.

---

1. This case was reassigned to the authoring judge on October 2, 1996.

2. The record does not indicate when the preliminary hearing was ultimately held, although Dear avers that the hearing was moved to July 19, 1995.

Afterwards, on August 15, 1995, the Board issued a separate notice of charges and hearing reflecting that Dear was also being charged with violating condition four of his parole.[3] The Board held a revocation hearing the following day and recommitted Dear to serve thirty-six months' backtime for multiple technical parole violations, including the violation of condition four.

Dear requested an administrative review of the Board's decision. By letter dated March 18, 1996, the Board denied Dear's request and he appealed to this Court.[4] The Dauphin County Public Defender's Office was assigned to represent Dear. Thereafter, Dear's counsel filed a "no-merit" letter and applied for leave to withdraw asserting that Dear's case was without merit. Dear's petition for review raises two issues: (1) whether Dear received adequate notice that he was charged with a violation of condition four of his parole; and (2) whether the Board was excessive when, under the circumstances, it imposed thirty-six months' backtime.

■ Although Dear, in his *pro se* brief,[5] does not address the issue of backtime, counsel, in his no-merit letter, has addressed it. As it is "our task to make an independent examination of the record and all briefs to determine whether the appeal is wholly frivolous," *McDaniel v. Pennsylvania Board of Probation and Parole,* 137 Pa.Cmwlth. 598, 587 A.2d 42, 44 (1991), we will address all issues raised by counsel and Dear, including the issue of backtime.

■ In his appeal, Dear maintained that the Board was excessive when, under the circumstances, it imposed thirty-six months' backtime. However, the thirty-six months was within the presumptive range. When a Board-ordered recommitment is within the presumptive range, any challenge to the recommitment is not a valid basis for administrative relief. *Lotz v. Pennsylvania Board of Probation and Parole,* 120 Pa.Cmwlth. 538, 548 A.2d 1295 (1988).

■ Next, Dear argues that he did not receive notice that he was being charged with a violation of condition four of his parole until the morning of his panel hearing. He maintains that neither he nor his counsel had time to adequately prepare a defense to this charge, and that he was prejudiced by the Board's actions.

Our review of the record reflects that Dear failed to raise the notice issue during his parole revocation hearings. Indeed, the record indicates that Dear had an opportunity to object to the delayed notice, yet he failed to do so.[6] Moreover, when Dear's counsel re-

---

**3.** Condition four required Dear to "[c]omply with all municipal, county, state and Federal criminal laws, as well as the provisions of the Vehicle Code (75 Pa.C.S. § 101 *et seq.*), and the Liquor Code (47 P.S. § 1–101 *et seq.*)." (R. at 12.)

**4.** Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Williams v. Pennsylvania Board of Probation and Parole,* 654 A.2d 235 (Pa.Cmwlth.1995).

**5.** We note that Dear's *pro se* brief fails to comply with the Pennsylvania Rules of Appellate Procedure. However, the failure to comply does not substantially impede our ability to review the issues presented and, therefore, we will consider the merits of the case. *Hempfield Township v. Hapchuk,* 153 Pa.Cmwlth. 173, 620 A.2d 668 (1993), *petition for allowance of appeal denied,* 537 Pa. 643, 644 A.2d 165 (1994).

**6.** Testimony from the panel hearing reveals a decidedly different situation than the one described in Dear's brief:

*Hearing Examiner:* Okay. If there's no questions regarding that, we're going to ask Mr. Eberts—before we do that, you were originally scheduled for a final hearing today before this panel on condition 7 dealing with the curfew. Since that time there was a charge that was disposed of before a district magistrate which constitutes a violation of condition number 4, technical violation. Okay? Do you understand?
*Dear:* Uh-hum.
*Hearing Examiner:* That charge has been brought against you. It's my understanding that you want to have that resolved also today. Now you are entitled to prior written notice of the charge against you and I understand that you just got that today. It's also my understanding that you've had an opportunity to talk to your attorney about it and it's your desire to waive your prior notice of the charges and time and date of the hearing, and have that matter resolved here today. Is that correct or is that not correct?
*Dear:* That's correct.
(R. at 21–22.)

quested administrative relief, the relief sought related solely to the backtime issue. Because the notice issue was not raised before the Board in either the revocation hearing or in Dear's administrative appeal, the issue has been waived and cannot be considered for the first time in his judicial appeal. *Newsome v. Pennsylvania Board of Probation and Parole*, 123 Pa.Cmwlth. 413, 553 A.2d 1050 (1989).

In reviewing a motion to withdraw, we must make an independent evaluation of the proceedings before the Board to determine whether the parolee's appeal is meritless. *Frankhouser v. Pennsylvania Board of Probation and Parole*, 143 Pa.Cmwlth. 80, 598 A.2d 607 (1991). Upon consideration of Dear's argument, we conclude that it lacked any elements that arguably supported an appeal. When this court agrees with counsel's assessment of a frivolous appeal, counsel will be granted a petition to withdraw if he has fulfilled the technical requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 93 Pa.Cmwlth. 586, 502 A.2d 758 (1985). *Craig* requires counsel to (1) notify the parolee of the request to withdraw, (2) furnish the parolee with a copy of an *Anders* [7] brief or "no-merit" letter, and (3) advise the parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration. In a "no-merit" letter, counsel must indicate (1) the nature and extent of the counsel's review, (2) the issues which the parolee wishes to raise, and (3) counsel's analysis in concluding that the parolee's appeal is frivolous. *Wesley v. Pennsylvania Board of Probation and Parole*, 150 Pa.Cmwlth. 54, 614 A.2d 355 (1992). We are satisfied from our review of the record that counsel satisfied the requirements set forth in *Craig* and *Wesley* and, therefore, we grant counsel's leave to withdraw.

Additionally, because Dear's argument lacks any elements which arguably support an appeal, we hold that the appeal is frivolous and, accordingly, affirm the decision of the Board.

7. *Anders v. California*, 386 U.S. 738, 87 S.Ct.

*ORDER*

NOW, December 3, 1996, the order of the Pennsylvania Board of Probation and Parole is hereby affirmed. Furthermore, counsel's petition for leave to withdraw is granted.