# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Strait,               :
           Petitioner     :
                      :
          v.              :
                      :
Pennsylvania Board of Probation  :
and Parole,              :  No. 580 C.D. 2015
          Respondent   :  Submitted: September 25, 2015

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE McGINLEY                FILED: October 27, 2015

Before this Court is Tina M. Fryling's (Attorney Fryling) petition for leave to withdraw as counsel for Michael Strait (Strait) on Strait's petition for review of the order of the Pennsylvania Board of Probation and Parole (Board) which established Strait's maximum date as January 23, 2020.

On March 19, 1999, Strait was effectively sentenced to a term of nine months to five years for forgery. He was consecutively sentenced to a term of nine months to two years for theft. He was also consecutively sentenced to a term of nine months to two years for issuing bad checks and was consecutively sentenced to a term of two days to two years for driving under the influence. His total term for these sentences was twenty-seven months and two days to eleven years. On June 15, 1999, Strait was concurrently sentenced to a term of nine months to five years for forgery.

On June 25, 2001, the Board paroled Strait to a community corrections center. In a decision recorded June 21, 2002, the Board declared Strait delinquent effective June 19, 2002. In a decision recorded on February 27, 2003, and mailed February 28, 2003, the Board detained Strait pending the disposition of criminal charges and recommitted him to serve twelve months backtime when available as a technical parole violator for leaving the district without permission and changing his residence without permission. In a decision recorded on October 16, 2003, and mailed October 22, 2003, the Board recommitted Strait to serve eighteen months backtime when available as a convicted parole violator for the offenses of forgery; conspiracy to make, utter, and possess counterfeited security; and making, receiving, possessing, or transferring an implement designed for making a counterfeit or forged security, concurrent with the previous recommitment as a technical parole violator. The Board recommitted Strait after he became available in a decision recorded September 21, 2006, and mailed October 19, 2006.

While on pre-release, Strait escaped. He was convicted of escape from detention and effectively sentenced on March 31, 2008, to a term of one year six months to four years. On October 27, 2009, the Board adjusted Strait's maximum date to June 20, 2015, based on his escape time calculation.

The Board released Strait on parole on December 21, 2009, to a community corrections center. On March 4, 2010, the Board declared Strait delinquent effective March 3, 2010. On March 31, 2010, the Board issued a warrant to commit and detain Strait. On August 10, 2010, the Board declared

Strait delinquent effective August 6, 2010. In a decision recorded August 23, 2010, and mailed September 8, 2010, the Board recommitted Strait to serve nine months backtime, when available pending his return to a state correctional institution, as a technical parole violator for changing his residence without permission, failing to report, and violating curfew.

Strait was arrested on October 1, 2010, in the state of Kentucky and charged with wanton endangerment, criminal mischief, fleeing or evading police – first degree, fleeing or evading police – second degree, reckless driving, speeding, disregarding a traffic control device, failure to or improper signal, and leaving the scene of an accident. He was convicted on March 9, 2011, and sentenced to a term of eight years on April 25, 2011. He received 207 days credit for time served.

In a decision recorded on February 6, 2015, and mailed February 18, 2015, the Board recommitted Strait to serve the nine months backtime as a technical parole violator ordered on August 23, 2010, and established his new maximum violation date as January 23, 2020.

Strait petitioned for "Administrative Appeal/Administrative Review." He alleged that he waived extradition from Kentucky to Pennsylvania on October 5, 2010, so that he was available to the Board at that time. As a result, he argued that his nine months backtime should have started on that date. He also alleged:

> On 9/2/2011 the board lodged a new detainer against me saying that I absconded from parole supervision on 8/6/2010. Also attached to the detainer was a pre-signed waiver of extradition from 12/18/2009. I wrote to the parole office, and Mr. Victor Boers telling them that my

3

parole had been revoked and I could not have absconded from parole supervision on 8/6/2010, they insisted that I was a parole absconder. On 12/1/2014 I was extradited back to Pennsylvania on a pre-signed waiver of extradition dated 12/18/2009 that pre-signed waiver should have become null and void when my parole was revoked on 3/31/2010. I was in custody, and released in error. I should have been taken to the courts in Kentucky for extradition like I was in October 2010, when Pennsylvania did not come and get me. . . . I was denied due process in the matter when the board filed a detainer with the Kentucky D.O.C. [Department of Corrections] saying that I absconded, and sent them a pre-signed waiver of extradition, that should have been null and void. On my most recent board action, the board said I was released in error. . . . (citations omitted.)

Administrative Appeal/Administrative Review, March 13, 2015, (Review) at 1-2.[1]

Strait also asserted that he asked for a full panel revocation hearing but did not receive one. He further argued that the Board extended his maximum date based on a conviction for which his parole was not revoked:

The board is extending my maximum for a conviction that I was not revoked [sic] on. I was only recommitted as a technical violater [sic], as a technical violator my maximum can only be extended for delinquent time. . . . I was not delinquent, I was released in error. When I was taken into custody by federal authorities on 3/31/2010 the board stopped my delinquent time and gave me a new maximum date of 7/18/2015.

Review at 2-3.

In a decision dated March 26, 2015, the Board denied Strait's appeal:

---

[1]   The Certified Record does not contain page numbers.

4

When you were released on parole on March 3, 2010, your maximum sentence date was June 20, 2015. Therefore, you owed 1,935 days of back time owed at the time of your last release. In your case, you received 56 days credit for the period in which you were released in error from August 6, 2010 to October 1, 2010. Applying 56 days to 1,935 days yields a total of 1, 879 days owed. You became available to begin serving your back time on December 1, 2014 when you returned to an SCI [State Correctional Institution] and Pennsylvania authorities. Adding 1,879 days to December 1, 2014 yields a parole max date of January 23, 2020. Therefore, your parole violation max date is correct.

Board Decision, March 26, 2015, at 1.

Attorney Fryling was assigned to represent Strait. After review of Strait's petition for review and the certified record, Attorney Fryling seeks to withdraw and asserts that Strait's petition for review lacks merit.

Appointed counsel may withdraw from assisting an indigent parolee in appealing a parole revocation order, "[w]hen, in the exercise of his professional opinion, counsel determines that the issues raised . . . are meritless, and when the . . . court concurs. . . ." Commonwealth v. Turner, 544 A.2d 927, 928-929 (Pa. 1988).

In reviewing a motion to withdraw, this Court must make an independent evaluation of proceedings before the Board to determine whether a parolee's appeal is meritless. Dear v. Pennsylvania Board of Probation and Parole, 686 A.2d 423 (Pa. Cmwlth. 1996). When this Court agrees with counsel's assertion that the appeal is without merit, this Court will permit counsel to withdraw when counsel has fulfilled the technical requirements set forth in Craig v.

5

Pennsylvania Board of Probation and Parole, 502 A.2d 758 (Pa. Cmwlth. 1985). Under Craig, counsel must (1) notify the parolee of the request to withdraw, (2) furnish the parolee with a copy of the brief, and (3) advise the parolee of his right to retain new counsel to raise any new points that he might deem worthy of consideration. In the no merit letter or brief counsel must indicate the nature and extent of the review, the issues the parolee wishes to raise, and counsel's analysis in concluding that the appeal is without merit. Wesley v. Pennsylvania Board of Probation and Parole, 614 A.2d 355 (Pa. Cmwlth. 1992).

Strait petitioned for review and alleged, "5. Mr. Strait argues that Respondent [Board] erred as a matter of law by taking from Mr. Strait 1678 days of back time when he only was delinquent for 28 days. Thus, the Petitioner's [Strait] maximum date should be adjusted." Petition for Review, April 17, 2015, Paragraph No. 5 at 1.

With respect to whether the Board erred when it added 1,678 days of backtime to Strait's maximum date, Attorney Fryling asserts that under Section 21.1(a) of the Parole Act the Board has the authority to recommit a parolee who has been convicted of a crime as a convicted parole violator and that parolee shall be reentered to serve the term remaining at the time of his parole and is not entitled to any credit for the time spent at liberty on parole.

Attorney Fryling further asserts:

Accordingly, Mr. Strait forfeited credit for all of the time he spent on parole. He was convicted of the new charge and thus his revocation was appropriate. The Board's

6

parole violation maximum sentence date was calculated correctly. The Board correctly added days to Mr. Strait's sentence for which he was at liberty onto his maximum sentence in accordance with Houser v. Pennsylvania Board of Probation and Parole, 886 A.2d 1183, 1187-1191 (Pa. Commw. Ct. [sic] 2005).

Letter from Attorney Tina M. Fryling, July 13, 2015, at 3.

Initially, this Court notes that Attorney Fryling did not cite the pertinent statute. Attorney Fryling cites to Section 21.1(a) of the law known as the Parole Act,[2] formerly 61 P.S. §331.21a(a). The Parole Act was repealed by the Act of August 11, 2009, P.L. 147. It was replaced by the Prisons and Parole Code (Code), 61 Pa.C.S. §§101-6309.

Section 6138 of the Code, 61 Pa.C.S. §6138, contains a similar provision to the one cited by Attorney Fryling. Section 6138 of the Code provides:

**(a) Convicted violators.—**

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record may, at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to

---

[2] Act of August 6, 1941, P.L. 861, *as amended*. This section was added by the Act of August 24, 1951, P.L. 1401.

7

serve, and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders)

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order.

In Richards v. Pennsylvania Board of Probation and Parole, 20 A.3d 596, 599 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 29 A.3d 374 (Pa. 2011), this Court explained the ramifications of Section 6138(a) of the Code, 61 Pa.C.S. §6138(a), when it stated, "[c]onsequently when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time, regardless of good or delinquent standing."

Attorney Fryling is correct that a convicted parole violator shall be given no credit for the time at liberty on parole subject to the Board's discretion in Section 6138(a)(2.1). However, Strait argues that he was not recommitted as a convicted parole violator but as a technical parole violator. A review of the record reveals that Strait is correct. Although Strait was convicted of various offenses in Kentucky in 2011, he was not recommitted by the Board as a convicted parole violator. While his parole was revoked as a technical parole violator, Section

8

6138(c)(2) of the Code, 61 Pa.C.S. §6138(c)(2)[3], does not contain the same language regarding a technical parole violator losing credit for time at liberty on parole when recommitted that Section 6138(a) does for a convicted parole violator.

As a result, this Court will deny Attorney Fryling's petition for leave to withdraw as counsel. The petition for leave to withdraw as counsel is denied and counsel is directed to file a brief on the merits within thirty days.[4]

_____
BERNARD L. McGINLEY, Judge

---

[3] Section 6138(c)(2) of the Code, 61 Pa.C.S. §6138(c)(2), provides: "If the parolee is recommitted [as a technical parole violator] under this subsection, the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences."

[4] It is clear that Attorney Fryling complied with the notification requirements to Strait. Craig.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Strait,                          :
                Petitioner        :
                               :
          v.                        :
                               :
Pennsylvania Board of Probation          :
and Parole,                              :    No. 580 C.D. 2015
                Respondent        :

## O R D E R

AND NOW, this 27th day of October, 2015, the petition for leave to withdraw as counsel is denied.  Attorney Tina M. Fryling is directed to file a brief on the merits within thirty days of the date of this order.

_____

BERNARD L. McGINLEY, Judge