# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harlan Wayne Sackrider, : 
                    Petitioner : 
                        : 
            v. : No. 1447 C.D. 2015
                        : SUBMITTED: December 24, 2015
Pennsylvania Board of Probation : 
and Parole, : 
                    Respondent : 

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                **FILED: January 19, 2016**

Petitioner, Harlan Wayne Sackrider, petitions for review of the order of the Pennsylvania Board of Probation and Parole (Board) that denied his petition for administrative review of the revocation of his parole. In addition, Petitioner's counsel, Kent D. Watkins, Esquire, petitions for leave to withdraw his representation, asserting that the appeal is frivolous. After review, we grant counsel's petition and affirm the order of the Board.

Petitioner is serving a sentence of eight to sixteen years, after pleading guilty to the charge of criminal attempt to commit criminal homicide. His sentence effective date was April 21, 2001. His minimum sentence date was April 21, 2009, and maximum sentence date was April 21, 2017. Petitioner was paroled on March

5, 2012. He was returned to the State Correctional Institution (SCI) Frackville on November 7, 2012, on a parole violation. On December 5, 2012, the Board recommitted Petitioner as a technical parole violator to serve six months back time for violation of parole condition #3A, failure to abide by written instructions; and condition #5B, possession of a weapon. Petitioner's maximum sentence date remained April 21, 2017.

Petitioner was re-paroled on February 19, 2014. On June 5, 2014, he was arrested in Berks County on charges of possession of a controlled substance (crack cocaine) in violation of Section 13(a)(16) of the Controlled Substance, Drugs, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(16). On August 21, 2014, Petitioner pled guilty to possession of a controlled substance and received a sentence of not less than 364 days and not more than 729 days in the Berks County Prison. He was given credit for 78 days' time served.

At a detention hearing on June 19, 2014, Petitioner, who was represented by counsel, waived the hearing. On September 11, 2014, Petitioner signed a waiver of revocation hearing and counsel/admission form and admitted to the Berks County conviction set forth above.

On November 5, 2014, the Board recommitted Petitioner as a convicted parole violator to a SCI to serve six months pending completion of or parole from his Berks County sentence. On June 3, 2015, Petitioner was returned to SCI Mahanoy.

When Petitioner was released on parole from his original sentence on February 19, 2014, he had 1,157 days remaining to serve on his original sentence. He forfeited 214 days from March 5, 2012 to October 5, 2012 on his original

2

parole. The 214 days was added to 1,157 days remaining, resulting in 1,371 days of back time owed. The Board recomputed his maximum sentence date as March 5, 2019.

Proceeding *pro se*, Petitioner filed a petition for administrative review of the calculation of his new maximum date, alleging that he should receive credit for time served on the Board's detainer from June 6, 2014 to August 21, 2014. The Board denied the petition concluding that Petitioner forfeited credit for the 214 days he was released on parole in 2012 pursuant to Section 6138(a)(2) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(2).[1] The Board also determined that he was not entitled to credit for back time served because he was not solely detained on the Board's warrant. Petitioner was detained by both the Board's warrant and the pending Berks County criminal charge. This appeal followed.

After obtaining counsel, Petitioner filed a petition for review with this Court alleging that the Board failed to give him credit for all of the time served solely under its warrant. On October 8, 2015, Petitioner's counsel filed a petition to withdraw as counsel and a *Turner* letter[2] in support thereof.

In his *Turner* letter, counsel sufficiently details the issues raised, as well as the nature and extent of his review and analysis in concluding that the appeal is frivolous. *See Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47 (Pa. Cmwlth. 1996) (establishing requisite elements of an adequate *Turner* letter). Specifically, counsel reviewed the history of Petitioner's case, and concluded that

---

[1] Section 6138(a)(2) of the Prisons and Parole Code provides: "[i]f the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole."

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

there was no error in the calculation of his maximum date. In addition, counsel provided Petitioner with a copy of his petition to withdraw and the *Turner* letter. Therefore, counsel has complied with the requirements necessary to seek leave to withdraw as counsel. *Id.*; *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985). Finally, pursuant to an order of this Court dated October 9, 2015, Petitioner was advised of his right to obtain substitute counsel, or to file a brief on his own behalf. Petitioner has not retained substitute counsel nor filed a brief.

In reviewing the petition to withdraw, we independently evaluate the proceedings before the Board to determine whether the appeal is without merit. *Dear v. Pa. Bd. of Prob. & Parole*, 686 A.2d 423 (Pa. Cmwlth. 1996). The Court concludes that Petitioner was not entitled to credit for time served between June 5, 2014 and August 21, 2014. In *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. Cmwlth. 1980), this Court stated:

> Thus, if a defendant is being held in custody *solely* because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence. [Emphasis in original.]

Petitioner was detained in the Berks County Prison for two reasons: (1) he was unable to make bail on the possession charge[3] and (2) the Board's warrant. Accordingly, the Board did not err in denying Petitioner credit for this time period.

---

[3] There is no evidence of record that Petitioner was able to meet the bail requirements on the possession charge.

Further, we conclude that the Board did not err in calculating Petitioner's maximum date. It is clear from the record that, at the time he was last paroled, he had 1,157 days remaining on his sentence. Because Petitioner was convicted of a crime while on parole, he lost all credit for his "street time." *See* 61 Pa. C.S. § 6138(a). Petitioner was paroled for 214 days in 2012 and, upon his recommitment as a convicted parole violator, he forfeited credit for those days spent at liberty. *Armbruster v. Pa. Bd. of Prob. & Parole,* 919 A.2d 348, 351 (Pa. Cmwlth. 2007). Therefore, Petitioner upon recommitment owed a total of 1,371 days resulting in a new maximum date of March 5, 2019.

Accordingly, we grant the petition to withdraw and affirm the order of the Board.

                                            _____

**BONNIE BRIGANCE LEADBETTER,**
Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harlan Wayne Sackrider,         :
               Petitioner     :
                                :
        v.                :    No. 1447 C.D. 2015
                                :
Pennsylvania Board of Probation    :
and Parole,                      :
               Respondent   :

# **O R D E R**

AND NOW, this 19th day of January, 2016, the petition of Kent D. Watkins, Esquire, to withdraw as counsel in the above-captioned matter is hereby GRANTED and the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge