IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio Byrd, : 
          Petitioner : 
           : 
      v. : No. 347 C.D. 2018
           : SUBMITTED: October 5, 2018
Pennsylvania Board of : 
Probation and Parole, : 
          Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                      FILED: November 9, 2018

Antonio Byrd (Petitioner) petitions for review of the Pennsylvania Board of Probation and Parole's (Board) February 20, 2018 ruling affirming its August 9, 2017 decision, in which the Board imposed 18 months of backtime upon Petitioner and set his maximum parole violation expiration date as July 5, 2019. In response to this Petition for Review, Petitioner's appointed counsel, James L. Best, Esquire (Counsel), has submitted a Motion for Leave to Withdraw as Counsel (Motion to Withdraw), seeking our permission to withdraw from representing Petitioner in this matter, due to Counsel's conclusion that the arguments raised in the Petition for Review are frivolous and without merit. After thorough consideration, we grant Counsel's Motion to Withdraw and, in addition, affirm the Board's February 20, 2018 ruling.

The relevant facts are as follows: On January 5, 2010, Petitioner pled guilty in the Court of Common Pleas of Dauphin County to Possession with Intent to Deliver and Criminal Conspiracy, for which he was sentenced to an aggregate prison term of 1 year, 3 months, and 22 days to 3½ years. Certified Record (C.R.) at 14. Petitioner was

subsequently paroled on May 1, 2011, at which point his maximum date was July 7, 2013. *Id.* at 17-21.

On August 9, 2012, Petitioner was arrested on federal drug-related charges, pursuant to an indictment in the United States District Court for the Middle District of Pennsylvania (Middle District). *Id.* at 26. In response, the Board issued a detainer that same day. However, as Petitioner was in federal custody, the Board was unable to execute the detainer and instead refrained from taking further action regarding Petitioner's parole violation (*i.e.* his arrest), pending resolution of the federal charges. *Id.* at 22-35. Petitioner pled guilty in the Middle District on December 19, 2014 to Possession with Intent to Distribute Crack Cocaine and Criminal Conspiracy, for which he received an aggregate sentence of 5 years, 5 months in federal prison, followed by three years of probation. *Id.* at 36-38.

Petitioner was released from federal prison on April 28, 2017, at which point he was transferred to the Board's custody. *Id.* at 49. Petitioner admitted to the Board that he had pled guilty to the federal charges and then waived his right to counsel and a parole revocation hearing. *Id.* at 67-72. Thereafter, in a decision mailed on August 9, 2017, the Board ordered Petitioner to be recommitted as a convicted parole violator (CPV) and to serve 18 months' backtime. The Board set July 5, 2019 as the new maximum date for his 2010 sentence. *Id.* at 74-75. On August 24, 2017, Petitioner mailed an Administrative Remedies Form to the Board claiming that his parole revocation hearing had not been held in a timely fashion and that the Board had violated Section 6138(a)(5.1) of the Prisons and Parole Code (Parole Code)[1] by not taking him into custody prior to his guilty plea in the Middle District so that he could serve his

---

[1] 61 Pa. C.S. § 6138(a)(5.1).

2

state backtime before completing his federal sentence. *Id.* at 84-86.[2] Petitioner argued that his maximum date should have remained July 7, 2013, and, thus, he was entitled to immediate release from state custody. *Id.* at 85.

The Board responded on February 20, 2018, in which it affirmed its August 9, 2017 decision. *Id.* at 87-88. Therein, the Board provided several reasons for its denial of Petitioner's administrative request for relief. First, since Petitioner affirmatively waived his right to a revocation hearing, he was precluded from claiming that a hearing was not held in a timely fashion. *Id.* at 87. Second, though 61 Pa. C.S. § 6138(a)(5.1) does require a state sentence to be served before a subsequently imposed federal sentence, that mandate is contingent upon the Board's ability to place an affected individual into state custody. *Id.* Since Petitioner was in federal custody for his arrest on the federal drug charges from the date of his 2012 arrest through April 28, 2017, he was unavailable to serve his state backtime until he was released from federal prison on April 28, 2017. *Id.* Finally, the Board stated that Petitioner was not entitled to any credit for time served "towards [his] original [2010 state] sentence for the period [he was] confined from August 9, 2012 to April 28, 2017 because [he was] held on both

---

[2] Section 6138(a) of the Parole Code states, in relevant part:

> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
> . . .
> (5.1) If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the parolee shall serve the balance of the original term before serving the new term.

61 Pa. C.S. § 6138(a)(1), (5.1).

the new [federal] criminal charges and the [B]oard[’s] detainer during that period." *Id.* at 88.

On March 20, 2018, Petitioner filed his Petition for Review with our Court. Therein, he challenged the Board's February 20, 2018 ruling, reasserting his claims that the Board violated 61 Pa. C.S. § 6138(a)(5.1) by failing to allow him to serve his state backtime prior to his federal sentence and that his parole revocation hearing was untimely. Petition for Review at 1-5. Petitioner averred that he had been "held in Adams County Prison on both the Board[']s warrant to commit and detain and the federal warrant/indictment until January 21, 2015, approximately 37 days after Petitioner was sentenced and some 6 months after he pled guilty to the new federal charges[,]" implying that the Board could have asserted custody over him at any point up until that date. *Id.* at 3. Furthermore, he maintained that 61 Pa. C.S. § 6138(a)(5.1) "does [not] state that the [order in which carceral sentences are to be served] is conditional upon federal authorities returning parolee to state custody or that a parolee has to post bail from the new federal charges in order for the Board to comply with Section 6138(a)(5.1)." *Id.* at 3-4. In addition, Petitioner claimed, for the first time, that the Board had unconstitutionally enlarged his judicially imposed state-level sentence by pushing back his maximum date. *Id.* at 6-7.

Counsel was subsequently appointed to represent Petitioner and, on July 5, 2018, submitted his Motion to Withdraw along with a no-merit letter. In his Motion to Withdraw, Counsel stated he had "carefully considered this matter and can find no basis to challenge the [Board's] decision[,] meaning that the Petition for Review is "frivolous and . . . [without a] basis in law or fact[.]" Motion to Withdraw at 1. Counsel opined in his no-merit letter that the Board had not violated 61 Pa. C.S. § 6138(a)(5.1), since

4

> [Petitioner] never [made bail] on the federal case and was never in the custody of the Board [until April 28, 2017]. . . . This statute does not authorize or require the Commonwealth to get state inmates from federal custody and, in fact, the supremacy clause of the United States Constitution precludes the Commonwealth from telling the federal authorities who gets priority [regarding] sentence [completion]. The plain language of th[is] statute created no right for [Petitioner's] state sentence to "time out" because the [Board] did not remove him from federal custody.

*Id.*, Ex. A at 3-4. In addition, Counsel asserted that the Board did not violate Petitioner's right to a timely parole revocation hearing, because "the 120 day window in which [the Board must] conduct a revocation hearing for a parolee who served a federal sentence begins when the Federal Government releases the prisoner to a state correctional facility." *Id.*, Ex. A at 5. Finally, Counsel noted the long line of cases affirming the Board's authority to impose backtime in response to parole violations and making clear that such an action does not constitute an unconstitutional sentence extension. *Id.*, Ex. A at 6-7. Counsel also advised Petitioner, in writing, that he believed Petitioner's arguments to be without merit and directed Petitioner to retain another attorney, or file a *pro se* brief with our Court, in the event Petitioner disagreed with Counsel's conclusion. *Id.*, Ex. B at 1-2.

Before addressing the validity of Petitioner's substantive arguments, we must assess the adequacy of Counsel's Motion to Withdraw and no-merit letter. Since Petitioner, throughout this process, has only sought to challenge the Board's calculation of his maximum date and its handling of various procedural issues, Counsel appropriately elected to file a no-merit letter. *See Seilhamer v. Pa. Bd. of Prob. &*

5

*Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010).[3] "A no-merit letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Id.* at 43 (quoting *Com. v. Turner*, 544 A.2d 927, 928 (Pa. 1988)) (brackets omitted). As long as a no-merit letter satisfies these basic requirements, we may then review the validity of a petitioner's request for relief. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). However, in the event the letter fails on technical grounds, we must deny an appointed counsel's request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct appointed counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

We find that Counsel's no-merit letter satisfies these technical requirements. This letter contains a recitation of the relevant factual and procedural history pertaining

---

[3] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), court-appointed counsel must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009). However,

> [w]here no constitutional right to counsel is involved, an attorney seeking to withdraw from representation in a probation and parole case need only file a no-merit letter, as opposed to an *Anders* brief. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009). A constitutional right to counsel arises when the petitioner presents a:
>
>> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.
>
> *Id.* at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)).

*Seilhamer*, 996 A.2d at 43 n.4.

6

to Petitioner's state and federal criminal arrests and sentences, discussions of each argument raised by Petitioner in his Petition for Review, and a thorough explanation, backed by case and statutory law, regarding Counsel's conclusion that none of these arguments afford Petitioner a valid basis for relief. Furthermore, as shown by the personal letter sent by Counsel to Petitioner on July 5, 2018, Counsel has provided Petitioner with copies of the Motion to Withdraw and no-merit letter, informing Petitioner about Counsel's intentions and advising Petitioner of his right to retain another attorney or to represent himself *pro se* in this matter.[4] *See* Motion to Withdraw, Ex. B at 1-2.

Consequently, we will proceed to an independent review of the Petition for Review, in order to determine whether any of Petitioner's claims are meritorious.[5] First, we find that the Board did not violate 61 Pa. C.S. § 6138(a)(5.1). Petitioner's argument on this point is similar to that which we addressed in *Brown v. Pennsylvania Board of Probation & Parole*, 184 A.3d 1021 (Pa. Cmwlth. 2017). In that matter, Brown was on state parole when he was arrested on federal drug charges. *Id.* at 1022-23. He did not make bail and remained in federal custody from the moment of his arrest through his completion of the resultant sentence, at which point he was turned over to the Commonwealth of Pennsylvania, Department of Corrections. *Id.* at 1023. The Board issued a detainer after learning of Brown's conviction and subsequently held a revocation hearing after Brown was placed in the Commonwealth's custody where the Board decided to recommit Brown as a CPV, in order for him to serve backtime, and extend Brown's maximum date. *Id.* at 1022-23. After an unsuccessful administrative

---

[4] Petitioner has neither obtained new counsel nor filed a brief on his own behalf.

[5] Our standard of review in this matter is limited to determining whether the Board violated Petitioner's constitutional rights, committed an error of law, or made findings of fact that were not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

7

appeal, Brown petitioned for our review, arguing that the Board's failure to ensure that he served his state sentence prior to his federal sentence contravened 61 Pa. C.S. § 6138(a)(5.1), as well as the Board's own administrative regulations, and rendered his revocation hearing untimely, meaning that the parole violation charges resulting from his federal arrest should be dismissed. *Id.* at 1024. We disagreed, stating

> Brown does not dispute that he was in federal custody both before and after his federal sentencing and when the Board received official verification of his conviction. His argument presumes that the Board had the **ability to obtain him from federal custody** in order to hold a revocation hearing and recommit him as a CPV to serve the remainder of his original sentence in accordance with Section 6138(a)(5.1). However, the Board asserts that it does not have the ability to acquire a Pennsylvania parolee from the custody of another jurisdiction in order to recommit the parolee to serve the remainder of the original sentence. Brown has not provided any legal authority that grants the Board this authority. Thus . . . Brown was **already unavailable to the Board** when he pled guilty and was sentenced, as well as when it received official verification of his conviction. The Board could not have acquired Brown until after his release from federal custody[.]

*Id.* at 1027 (emphasis in original).

Here, Petitioner admits that he was incarcerated due to the federal drug charges from his arrest on August 9, 2012 through completion of the consequent sentence on April 28, 2017. *See* Petition for Review at 2-5; C.R. at 67-72. Thus, as with Brown, the Board had neither the ability nor the power to assert control over Petitioner until after he was released by federal authorities. *See Santosusso v. Pa. Bd. of Prob. & Parole*, (Pa. Cmwlth. No. 574 C.D. 2017, filed Jan. 30, 2018), slip op. at 6 ("[W]e are unaware of any authority supporting [Petitioner's] implicit supposition that the Board has the power to pluck a Pennsylvania parolee from . . . federal [custody] for the purpose of

recommitting him as a parole violator.").[6] Simply put, 61 Pa. C.S. § 6138(a)(5.1) neither imposes upon the Board the burden of liberating individuals from federal custody, nor does it create a loophole through which someone may escape sanction from the Board merely by virtue of their inability to make, or their ineligibility for, federal bail.

As for Petitioner's remaining arguments, regarding an untimely revocation hearing and the Board's allegedly unconstitutional recalculation of his maximum date, we need not reach the merits of either one due to waiver. Petitioner waived the former by signing away his right to a revocation hearing,[7] a decision which "necessarily encompasse[d] the right to advance claims of error he could have raised at the hearing . . . [including] his right to later allege that the Board failed to timely schedule a revocation hearing." *Fisher v. Pennsylvania Bd. of Prob. & Parole*, 62 A.3d 1073, 1075-76 (Pa. Cmwlth. 2013). In addition, he waived the latter by failing to raise that issue at the administrative level before the Board. *See* Pa. R.A.P. 1551(a)-(a)(3); *Dear v. Pa. Bd. of Prob. & Parole*, 686 A.2d 423, 426 (Pa. Cmwlth. 1996).

Therefore, as Counsel's no-merit letter is technically sufficient, and Petitioner's Petition for Review is substantively without merit, we grant Counsel's Motion to Withdraw and affirm the Board's February 20, 2018 ruling.

_____
ELLEN CEISLER, Judge

---

[6] *See* Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a) (unreported Commonwealth Court opinions issued after January 15, 2008 may be cited for their persuasive value).

[7] Notably, Petitioner never asserts that his decision to waive the revocation hearing was not done in a knowing, intelligent, and voluntary manner.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio Byrd,                              :
              Petitioner      :
                                  :
       v.                              :   No. 347 C.D. 2018
                                  :
Pennsylvania Board of                      :
Probation and Parole,                      :
              Respondent      :

O R D E R

AND NOW, this 9th day of November, 2018, James L. Best, Esquire's Motion for Leave to Withdraw as Counsel is GRANTED, and the Pennsylvania Board of Probation and Parole's February 20, 2018 ruling is AFFIRMED.

_____
ELLEN CEISLER, Judge