IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Forgione,                        :
                    Petitioner          :
                                        :
        v.                              :   No. 1083 C.D. 2019
                                        :   SUBMITTED: January 17, 2020
Pennsylvania Board of                   :
Probation and Parole,                   :
                    Respondent          :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED: February 20, 2020

        Robert Forgione (Petitioner) petitions for review from the Pennsylvania Board
of Probation and Parole's (Board) July 12, 2019 ruling affirming its September 25,
2018 decision, through which the Board recommitted Petitioner as a convicted
parole violator (CPV) to serve nine months of backtime and recalculated his
maximum parole violation date as November 28, 2019. As Petitioner's maximum
date has already passed, we dismiss his Petition for Review as moot.

        Petitioner pleaded guilty to a single count of carrying a firearm without a
license in the Court of Common Pleas of Northampton County. On July 24, 2013 he
was sentenced to three to six years in state prison. Certified Record (C.R.) at 1-2. On
December 12, 2016, Petitioner was paroled by the Board, at which point the
maximum date on this sentence was March 4, 2019. *Id.* at 4-6.

On July 7, 2017, Petitioner was arrested in Monroe County, and charged with one count of criminal mischief, one count of possession of marijuana, one count of receiving stolen property, two counts of retail theft, and one count of use or possession of drug paraphernalia. *Id.* at 10-16. In response, the Board issued a warrant to commit and detain Petitioner on July 8, 2017. *Id.* at 17. Petitioner did not make bail on the Monroe County charges, which had been set at $10,000. *Id.* at 35. As such, he was held on both these charges and the Board's detainer. On February 13, 2018, Petitioner pleaded guilty in the Court of Common Pleas of Monroe County to a single count of receiving stolen property, stemming from his July 7, 2017 arrest, and was sentenced to 16 to 32 months in state prison. *Id.* at 24-25, 36. Petitioner received 220 days of credit for time served between his July 7, 2017 arrest and his sentencing on February 13, 2018. *Id.*

On March 5, 2018, Petitioner waived his rights to a parole revocation hearing and counsel, and admitted to the veracity of his February 13, 2018 guilty plea. *Id.* at 29-31. On April 19, 2018, the Board issued a decision which ordered Petitioner to be recommitted as a CPV to serve nine months of backtime "when available," *i.e.*, once Petitioner had been released from serving his February 2018 sentence. *Id.* at 32. On April 26, 2018, Petitioner mailed an administrative remedies form to the Board, in which he expressed confusion about the Board's April 19, 2018 decision. Petitioner requested clarification as to how much backtime he had to serve and claimed that his parole officer had told Petitioner that he "would not violate [Petitioner's] parole as long as [Petitioner] pleaded guilty to a [misdemeanor,] non-violent [crime."] *Id.* at 60-61.

On September 25, 2018, the Board released a second decision, through which it effectively reaffirmed its April 19, 2018 decision by ordering Petitioner to be

2

recommitted as a CPV to serve nine months of backtime. *Id.* at 56-57. Therein, the Board also stated that it had awarded Petitioner full credit for time served at liberty on parole and recalculated Petitioner's maximum date for his July 2013 conviction as November 28, 2019. *Id.* at 56-59.

On October 23, 2018, Petitioner mailed another administrative remedies form to the Board regarding the Board's September 25, 2018 decision. In this form, Petitioner asked for clarification of this decision and further contested this decision on the basis of unspecified constitutional violations and miscalculations regarding sentence credits and his parole eligibility date. *Id.* at 64-65. On October 26, 2018, Petitioner mailed yet another administrative remedies form to the Board, in which he broadly argued that the Board did not have authority to extend the maximum date on a judicially imposed sentence and that the Board had entered into an illegal, unenforceable contract with Petitioner pertaining to this sentence. *Id.* at 66-71. Petitioner did not specify in his October 26, 2018 administrative remedies form which of the Board's decisions he sought to challenge. *See id.*[1]

Petitioner was paroled from his February 2018 sentence on February 4, 2019, at which point he began serving the aforementioned nine months of backtime. *Id.* at 83.

On July 12, 2019, the Board denied Petitioner's challenges to the Board's decisions. The Board explained that it had properly calculated both the time remaining on, and the maximum date of, Petitioner's July 2013 sentence and that

---

[1] Petitioner also sent a number of letters and a fax to the Board between June 12, 2018, and March 18, 2019, collectively expressing therein frustration with his inability to get legal assistance, seeking clarification and documentation from the Board pertaining to its decisions and his appeals, and reiterating many of the arguments he had made through his administrative remedies forms. *See* C.R. at 62-63, 72-82.

there was thus no merit to Petitioner's arguments. *Id.* at 90-91. Petitioner filed this timely Petition for Review.

On August 8, 2019, Jeffrey E. Whiteko, Esquire (Counsel), was appointed to represent Petitioner in this matter. While rather confusingly articulated, Counsel's arguments can be summarized as follows. First, the Board improperly failed to award Petitioner credit towards his July 2013 sentence for time served on the Board's detainer between July 8, 2017, and February 13, 2018. Petitioner's Br. at 12. Second, the Board improperly extended Petitioner's maximum date on his July 2013 sentence as a result of this failure to award proper credit. *Id.* Third, the Board violated Petitioner's due process rights by detaining him pending resolution of the charges stemming from his July 2017 arrest in Monroe County. *Id.* Fourth, the Board should have awarded Petitioner credit towards his July 2013 sentence "all time served in Pennsylvania[,] as the Board could not attribute that period of confinement to [a] foreign sentence [that is not identified by Counsel]." *Id.* at 13. Finally, Petitioner should have served his February 2018 sentence and the backtime imposed by the Board in consecutive fashion.[2] *Id.* at 12-13.[3]

Petitioner failed to raise before the Board his claims regarding due process violations, "foreign sentence" related credit issues, and the order in which his backtime and February 2018 sentence were supposed to be served. These issues are thus waived for purposes of appellate review. Pa. R.A.P. 1551(a)-(a)(3); *Dear v. Pa.*

---

[2] In support of this final argument, Counsel cites to Section 21.1(a) of the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. § 331.21a(a), which was repealed by the General Assembly through the Act of August 11, 2009, P.L. 147.

[3] The pages of Petitioner's Brief are not numbered and the Brief's table of contents does not accurately list the page numbers for many of its sections. We have disregarded these errors and omissions by citing to Petitioner's Brief in a manner that reflects the actual location in this Brief of the relevant information.

4

*Bd. of Prob. & Parole*, 686 A.2d 423, 426 (Pa. Cmwlth. 1996); *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993).

This leaves us with Petitioner's claims regarding credit for time served on the Board's detainer and the Board's recalculation of the maximum date on his July 2013 sentence. Normally, we would embark upon a review of the relevant facts and law in order to determine whether Petitioner's arguments are meritorious. However, such a review in this matter is ultimately not necessary because Petitioner's maximum date for his July 2013 sentence has already passed. As our Court has held, "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot. It is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." *Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (citations omitted). We will refuse to dismiss a moot appeal "only if the issues involved are capable of repetition yet likely to evade review and of important public interest, or where a party will suffer some detriment without [our] court's decision." *Id.*

Here, the maximum date on Petitioner's July 2013 sentence was November 28, 2019, and he has already completed the full term of that sentence at this point. Though the issues raised by Petitioner, relating to the Board's calculation of his maximum date and detainer credit, are capable of repetition by other petitioners in other matters, these issues are unlikely to escape review in the future, as shown through numerous other appeals from Board decisions which this Court has substantively addressed over the years. Nor will Petitioner suffer without our assistance because, as we have already noted, he has finished serving the sentence

that gave rise to these issues. Therefore, we dismiss Petitioner's Petition for Review as moot.[4]

 

_____

ELLEN CEISLER, Judge

---

[4] Furthermore, we would have ruled against Petitioner on the merits of these preserved issues. Petitioner was held between July 8, 2017, and February 13, 2018, on both the new criminal charges and the Board's detainer. *See* C.R. at 10-21, 34-41. Petitioner pleaded guilty February 13, 2018, and properly received full credit towards his new sentence for the time period during which he was detained between arrest and sentencing. *See id.* at 24-25, 36; *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980) ("[I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence."). Thus, contrary to what Petitioner claims, the Board did not incorrectly decline to award credit for pre-trial detainment or miscalculate Petitioner's maximum date, as there was no credit left from this time period to apply towards his original sentence. *See Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 768-69 (Pa. 2017) (when an individual is held in both pre-trial detainment on new charges and on the Board's detainer, credit for time served between arrest and conviction on the new charges should be applied, in part, to the original sentence only when the length of pre-trial detainment exceeds the sentence imposed on the new charges).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Forgione,                          :
          Petitioner        :
                                      :
                                      :
    v.                 :   No. 1083 C.D. 2019
                                      :
Pennsylvania Board of                     :
Probation and Parole,                     :
          Respondent        :

# **O R D E R**

AND NOW, this 20th day of February, 2020, Petitioner Robert Forgione's Petition for Review is hereby DISMISSED AS MOOT.

_____
ELLEN CEISLER, Judge