# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ali F. Brown,                                    :
                           Petitioner            :
                                                 :
              v.                                 :    No. 262 C.D. 2017
                                                 :    Argued:  October 17, 2017
Pennsylvania Board of Probation and              :
Parole,                                          :
                           Respondent            :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ROBERT SIMPSON, Judge (P)
            HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                          FILED:  December 14, 2017


Ali F. Brown petitions for review of the February, 16, 2017 Order of the Pennsylvania Board of Probation and Parole (Board) denying Brown's administrative appeal from the revocation of his parole based on a November 21, 2013 federal conviction.  The Board found that Brown's revocation hearing was timely because it was held within 120 days of his return to a State Correctional Institution (SCI) after the completion of his federal sentence, which is when Brown became available to the Board.  On appeal, Brown asserts he was available to the Board when he was convicted and his unavailability was the result of the Board's inaction, which made him serve his new federal sentence before completing the balance of his original state sentence in contravention of Section 6138(a)(5.1) of the

Prisons and Parole Code (Code).[1] Brown argues that, because his unavailability was caused by the Board, the delay in holding his revocation hearing was unreasonable, and that hearing should be deemed untimely and the parole violation charges against him dismissed. However, because Brown was in federal custody when he pled guilty and was sentenced, and the Board had no means of acquiring him from that custody, Brown was not available until his return to the SCI and his revocation hearing, held within 120 days of his return, was timely. Therefore, we affirm the Board's Order.

On March 30, 2010, the Board paroled[2] Brown, and he was released on June 3, 2010, subject to, among others, the standard parole condition that he not leave the district without the prior written permission of his parole supervision staff (Condition #1). Brown's maximum date when he was paroled was May 12, 2013. The Mifflin County Regional Police Department arrested Brown on March 26, 2011, he was charged with possession with intent to deliver (PWID), and, unable to post bail, he remained confined in the Mifflin County Correctional Facility (County Jail). The Board issued a Warrant to Commit and Detain (Warrant to Detain) Brown on March 26, 2011. On March 31, 2011, Brown admitted to violating Condition #1. By Notice of Board Decision mailed on May 20, 2011, the Board recommitted Brown as a technical parole violator (TPV) "to serve 6 months backtime, when available, pending resolution of your new criminal charges." (C.R. at 114-15.)

On May 4, 2011, Brown was indicted in the United States District Court for the Middle District of Pennsylvania (District Court) on two counts of using a

---

[1] Section 6138(a)(5.1) states: "If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the parolee shall serve the balance of the original term before serving the new term." 61 Pa. C.S. § 6138(a)(5.1).

[2] Brown was serving concurrent two-to-five year sentences for possession with intent to deliver and aggravated assault, and a concurrent one-to-two-year sentence for unlawful restraint.

communication facility to facilitate drug trafficking in violation of Section 843(b) of Title 21 of the United States Code, 21 U.S.C. § 843(b). The Commonwealth of Pennsylvania withdrew its PWID charge on May 10, 2011. A Magistrate Judge of the District Court issued a detainer for Brown on May 24, 2011. Brown pled guilty to both counts on April 1, 2013. On November 21, 2013, Brown was sentenced to a total of 64 months (32 months for each count) and remanded into the custody of the United States Marshal. The Board received official verification of Brown's conviction on November 26, 2013, five days after his sentencing.

On January 27, 2014, the Board issued a "Warrant for Arrest of Paroled Prisoner" (Warrant for Arrest), authorizing any of the Board's parole agents to arrest and detain Brown for a parole violation. (C.R. at 122.) Also prepared on that date was a new Notice of Charges and Hearing for Brown, which identified the new federal conviction but did not include a hearing date or any indication that it was sent to Brown. Notwithstanding the outstanding Warrant for Arrest and Notice of Charges and Hearing, the Board did not attempt to acquire Brown from the federal authorities, and he remained in federal prison until his release. In January 2015, due to a change in the federal sentencing guidelines, Brown's sentence was reduced from 64 months to 52 months. However, because the resentencing could not take effect until November 1, 2015, Brown was released on October 30, 2015, having already served more than the 52 months now required. Brown returned to the custody of the Department of Corrections (DOC) on or about October 31, 2015.

On January 28, 2016, Brown signed the January 27, 2014 Notice of Charge and Hearing based on the federal conviction, which now listed a hearing date of February 18, 2016. The revocation hearing was held that date, at which Brown was represented by counsel. At the hearing, the Board's parole agent testified that,

3

because Brown was in federal prison, the March 2011 Warrant to Detain had never been lifted, even though Brown's maximum date was May 12, 2013. The Agent stated the Board would have detained Brown had he made bail on the federal charges. However, the Agent also stated that the federal detainer took precedence until Brown completed his federal time. (*Id.* at 229-30.) The Agent explained that, as far as he was concerned, Brown had been detained by the federal government and was unavailable to the Board beginning March 26, 2011.[3] Brown did not dispute his conviction, but argued, *inter alia*, that, had he served his state sentence first, he would have received the full benefit of his reduced federal sentence.

The Board recommitted Brown as a convicted parole violator (CPV) to serve six months concurrently with the prior six months imposed for his technical parole violation. The Board recalculated Brown's maximum date to August 10, 2018, giving him 59-days credit for his confinement from March 26, 2011, to May 24, 2011. Brown filed a timely administrative appeal, arguing that the February 18, 2016 revocation hearing was untimely.[4] The Board affirmed its decision, concluding that the revocation hearing was timely because it was held within 120 days of Brown's return to a SCI as required by Section 71.4(1)(i) of its regulations, 37 Pa. Code § 71.4(1)(i). The Board acknowledged it had received official verification of Brown's conviction on November 26, 2013, but, because Brown was in federal

---

[3] This date is the date Brown was arrested on the state charges, and the date the Board issued its Warrant to Detain. Thus, it is unclear why the Agent believed Brown became unavailable on this date.

[4] Brown's administrative remedies form is not in the record having inadvertently not been scanned when the Board transitioned to electronic files and destroyed with the remaining paper copies of the record following the transition.

custody, it based the timeliness of the revocation hearing on the date Brown was returned to a SCI.  (*Id.*)  Brown now petitions this Court for review.[5]

Relying on several recent cases from this Court, including *Fumea v. Pennsylvania Board of Probation and Parole*, 147 A.3d 610 (Pa. Cmwlth. 2016), and *Baasit v. Pennsylvania Board of Probation and Parole*, 90 A.3d 74 (Pa. Cmwlth. 2014),[6] Brown argues that, pursuant to Section 6138(a)(5.1), he was to serve the balance of his original state term **before** serving the new federal sentence imposed on November 21, 2013.  Brown asserts he was available to the Board when he was convicted of the federal charges on November 21, 2013, and, as in *Fumea*, the Board did not ensure that he serve the balance of his original state sentence in accordance with Section 6138(a)(5.1), which resulted in an unreasonable delay in the holding of his revocation hearing.  Due to having to serve his federal sentence first, Brown argues, he served more time in federal prison than he otherwise would have been

---

[5] This Court's "review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated." *Ramos v. Pa. Bd. of Prob. and Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008).

[6] *Baasit* addressed the allocation of pre-sentence confinement credit where a parolee is confined on both a Board detainer and new federal charges and held that such credit should be applied to the parolee's original state sentence pursuant to, *inter alia*, Section 6138(a)(5.1). *Baasit*, 90 A.3d at 83.  The Supreme Court expressly disapproved of *Baasit* in *Smith v. Pennsylvania Board of Probation and Parole*, __ A.3d __, __ n.19 (Pa., No. 82 MAP 2016, filed Oct. 18, 2017), slip op. at 21 n.19.  In *Smith*, the Supreme Court reversed this Court's determination, based on *Baasit* and Section 6138(a)(5.1), that the parolee was entitled to pre-sentence confinement credit where he was confined on both a Board detainer and on new federal charges.  *Smith*, __ A.3d at __, slip op. at 21-22.  The Supreme Court  held, among other things, that this Court "improperly interpreted Section 6138(a)(5.1)," "as requiring credit to be applied to a convicted parole violator's original sentence" and stated that *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003), and *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980), requiring that credit for a parolee who is detained on both a Board detainer and on new charges be applied to the new charges and not the original sentence, unless the parolee's new sentence is shorter than the period of pre-confinement, "remain the rule in this Commonwealth for how credit is applied." *Id.* at __, slip op. at 18-19.

required had he served his sentences in the order mandated by the Code. According to Brown, Section 71.4(1)(i) of the Board's regulations should not apply to determine the timeliness of his revocation hearing because his unavailability was due to the Board's non-compliance with Section 6138(a)(5.1).

The Board responds that the timeliness of a revocation hearing is governed by Section 71.4 of its regulations, which provides that if a parolee is confined to a federal prison, the revocation hearing does not have to be held until 120 days from when the Board receives official verification of the parolee's return to a SCI. 37 Pa. Code § 71.4(1)(i). According to the Board, because Brown was not confined at a SCI until October 31, 2015, Brown's revocation hearing, held within 120 days of his return, was timely. The Board maintains that Brown's reliance on Section 6138(a)(5.1) disregards the facts that Brown was in federal custody until October 31, 2015, and that the Board had no ability to take Brown from the federal authorities to conduct a revocation hearing and recommit him as a CPV. Finally, the Board argues, *Fumea* is distinguishable because, unlike in that case, there was no opportunity for the Board to obtain custody of Brown after his sentencing and prior to his entering federal custody. Therefore, the Board maintains, Brown was unavailable and all it could do was lodge its detainer and await his return to a SCI. 37 Pa. Code § 71.5(a).

When a parolee challenges the timeliness of a revocation hearing, the Board has the burden of proving by a preponderance of the evidence that the hearing was, in fact, timely. *Ramos v. Pa. Bd. of Prob. and Parole*, 954 A.2d 107, 109 (Pa. Cmwlth. 2008). If the Board does not present substantial evidence to establish the timeliness of a revocation hearing, the parole violation charges are dismissed with prejudice. *Id.* at 109. An unreasonable and unjustifiable delay in holding a

revocation hearing, which is "not attributable to the parolee or his counsel[,] do[es] not toll the running of the 120-days." *Jacobs v. Pa. Bd. of Prob. and Parole*, 24 A.3d 1074, 1080 (Pa. Cmwlth. 2011) (quoting *Williams v. Pa. Bd. of Prob. and Parole*, 579 A.2d 1369, 1372 (Pa. Cmwlth. 1990)).

To meet its burden, the Board relies on its regulations addressing the timing of and procedures related to revocation hearings to argue that Brown's revocation hearing was timely and any delay in Brown serving his original state sentence because of his unavailability is not relevant. Section 71.4(1)(i) of the Board's regulations states, in relevant part, that:

> The following procedures shall be followed before a parolee is recommitted as a convicted violator:
>
> (1) **A revocation hearing shall be held within 120 days from the date the Board received official verification**[7] **of the plea of guilty** or nolo contendere or of the guilty verdict at the highest trial court level **except as follows**:
>
> > **(i) If a parolee is confined outside the jurisdiction of the Department of Corrections**, **such as** confinement out-of-state, **confinement in a Federal correctional institution** or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, . . . 314 A.2d 842 ([Pa.] 1973), **the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.**

37 Pa. Code § 71.4(1)(i) (emphasis added). Section 71.5(a) and (c)(1) offers additional guidance, stating:

---

[7] Official verification is the "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." Section 61.1 of the Board's regulations, 37 Pa. Code § 61.1.

7

(a) **If the parolee** is in . . . **Federal custody**, the Board may lodge its detainer but **other matters may be deferred until the parolee has been returned to a State correctional facility** in this Commonwealth.

\*\*\*

(c) In determining the period for conducting hearings under this chapter, **there shall be excluded from the period, a delay in any stage of the proceedings which is** directly or indirectly **attributable to** one of the following:

(1) **The unavailability of a parolee or counsel**.

37 Pa. Code § 71.5(a), (c)(1) (emphasis added). Thus, under the regulations, when a parolee is in federal custody, confined in a federal facility, or is otherwise unavailable, the Board's duty to hold a revocation hearing, or take other action beyond issuing a detainer, is deferred until the parolee is returned to a SCI regardless of when the Board received official verification of a parolee's new conviction.

Brown asserts these regulations are inapplicable due to the General Assembly's October 2010 addition of Section 6138(a)(5.1) to the Code,[8] which

---

[8] The General Assembly also amended Section 6138(a)(5) of the Code as follows, with the added language emphasized:

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed **by a Pennsylvania court** shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

(ii) If a person is paroled from a county prison and the sentence imposed upon him is to be served in the same county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. § 6138(a)(5) (emphasis added).

provides "[i]f the parolee **is sentenced to serve a new term of total confinement by a Federal court** or by a court of another jurisdiction because of a verdict or plea under paragraph (1), **the parolee shall serve the balance of the original term before serving the new term**." 61 Pa. C.S. § 6138(a)(5.1) (emphasis added). This Court recently addressed the interplay between the revocation hearing provisions of Section 71.4(1)(i) of the regulations and the new order-of-sentences requirements of Section 6138(a)(5.1).

In *Fumea*, federal authorities arrested the parolee while on parole from a state sentence, and, after his release on bond on the federal charges, the Board detained him pending the disposition of those charges. *Fumea*, 147 A.3d at 611. He remained in a SCI on the Board's detainer until his original maximum sentence expired, at which time the Board lifted its warrant and he was released. Because he was no longer on the Board's detainer and was out on bail on the federal charges, the parolee was at liberty while awaiting his federal trial. *Id.* After a federal jury found him guilty on July 8, 2011, the parolee remained on bail until his sentencing on November 21, 2011. The parolee's **parole agent attended the sentencing hearing**, and the **Board issued a warrant to commit and detain him on that day**. However, the agent did not take the parolee into custody, and the parolee was remanded into the custody of the United States Marshal. The parolee was not released from federal custody until December 24, 2014, and he was returned to a SCI. The Board held a revocation hearing after his return, the timeliness of which the parolee challenged. The parolee asserted that he had been available to the Board at the time of his sentencing and the Board had not taken custody of him thereby making him serve his federal sentence first in contravention of Section 6138(a)(5.1). The Board

9

concluded the revocation hearing was timely under Section 71.4(1)(i) of the regulations, and the parolee petitioned this Court for review.

We framed the issue in *Fumea* as "whether Section 6138(a)(5.1) imposes [a] duty upon the Board to assert its jurisdiction over a parolee who, upon his conviction in federal court, becomes a convicted parole violator but who is not yet in federal custody under these circumstances." *Fumea*, 147 A.3d at 615. The Court held that, despite the expiration of the parolee's maximum date, the Board retained jurisdiction to recommit him as a CPV pursuant to Section 6138(a)(1),[9] and he became available to the Board upon his conviction in federal court. *Id.* at 616 (citing *Thomas v. Pa. Bd. of Prob. and Parole* (Pa. Cmwlth., No. 279 C.D. 2015, filed March 7, 2016), slip op. at 5). Further, noting that the Court has interpreted Section 71.4 of the regulations to "attempt[] to strike a balance, adhering to the letter of the regulations while remaining cognizant of the due process concerns that drove [its] . . . promulgation" to ensure timely revocation hearings, we rejected the Board's argument that the parolee could not rely on the date of his sentencing to begin the 120-day period because that date was not the date the Board received official verification of the parolee's new conviction. *Id.* at 617. Because the Board's actual knowledge of the conviction, as evidenced by the agent's presence at the sentencing hearing, effectuated the purpose of official verification, this Court held that the

---

[9] 61 Pa. C.S. § 6138(a)(1). This section provides:

> A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

*Id.*

10

revocation hearing, held more than 120 days after the Board had notice of the conviction and could have, but did not, take custody of the parolee, was untimely. *Fumea*, 147 A.3d at 619-20. Importantly, we added that the General Assembly clearly intended to change the order of service of sentences through its enactment of Section 6138(a)(5.1), and that "the Board's delay in acquiring 'official verification' or its inaction at a parolee's sentencing, as occurred here, can render [that section] a nullity, thus defeating the legislative intent." *Id.* at 615, 619.

Brown argues that, pursuant to this new section, he **must** serve the remainder of his original sentence first and, like the parolee in *Fumea*, he became available to the Board at the time of his federal conviction and, therefore, a revocation hearing should have been held within 120 days of the Board's receipt of the official verification of that conviction. However, the parolee in *Fumea* **was not in federal custody** when he became available to the Board because he was **on bail** from the federal charges. It was not **until after the parole agent did not take the parolee into custody** at his sentencing hearing **that he was remanded into federal custody**.

Brown does not dispute that he was in federal custody both before and after his federal sentencing and when the Board received official verification of his conviction. His argument presumes that the Board had the **ability to obtain him from federal custody** in order to hold a revocation hearing and recommit him as a CPV to serve the remainder of his original sentence in accordance with Section 6138(a)(5.1). However, the Board asserts that it does not have the ability to acquire a Pennsylvania parolee from the custody of another jurisdiction in order to recommit the parolee to serve the remainder of the original sentence. Brown has not provided any legal authority that grants the Board this authority. Thus, unlike the parolee in *Fumea* over whom the Board's agent could have immediately taken custody, but did

11

not, thereby allowing the parolee to be placed into federal custody, Brown was **already unavailable to the Board** when he pled guilty and was sentenced, as well as when it received official verification of his conviction. The Board could not have acquired Brown until after his release from federal custody in October 2015. Under these circumstances, we are not persuaded by Brown's argument that Section 71.4(1)(i) of the regulations is inapplicable based on Section 6138(a)(5.1) and *Fumea*.

Applying the general revocation hearing provisions of the regulations, because Brown was confined outside the jurisdiction of the DOC, the revocation hearing had to be held within 120 days of the date he was returned to a SCI to be timely. 37 Pa. Code § 71.4(1)(i). Brown's February 18, 2016 revocation hearing was held 110 days after his October 31, 2015 return to the SCI. Thus, there was no error in the Board's conclusion that Brown's revocation hearing was timely. Accordingly, we affirm the Board's Order.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ali F. Brown, : 
                    Petitioner :
                                 :
                    v. : No. 262 C.D. 2017
                                 :
Pennsylvania Board of Probation and :
Parole, :
                    Respondent :

# **O R D E R**

**NOW**, December 14, 2017, the February 16, 2017 Order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.

 

 

_____
**RENÉE COHN JUBELIRER,** Judge