IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Sie Patnelli,            :
           Petitioner     :
           :
    v.            :    No. 1594 C.D. 2019
           :    Submitted: August 7, 2020
Pennsylvania Board of            :
Probation and Parole,            :
           Respondent    :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON            FILED: November 23, 2020

Donald Sie Patnelli (Petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole[1] (Board) affirming its decision to recommit Petitioner to a state correctional institution (SCI) as a convicted parole violator (CPV). Petitioner asserts that the Board violated the Prisons and Parole Code[2] by determining that Petitioner could not serve his state parole backtime until he completed his new federal sentence. For the reasons below, we affirm the Board's decision.

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (the Code), *as amended*, 61 Pa. C.S. §§6101, 6111(a).

[2] Prisons and Parole Code, 61 Pa. C.S. §§ 101-7123.

## I.    Background

Petitioner is an inmate currently incarcerated at SCI-Rockview. Petitioner was subject to a federal grand jury indictment on June 4, 2013, and arrested by federal authorities on June 6, 2013. Certified Record (C.R.) at 10-14, 33. Petitioner's indictment resulted from various drug trafficking offenses, "namely to knowingly, intentionally and unlawfully distribute, and possess with intent to distribute, in excess of 280 grams of cocaine base ("crack"), in excess of 5 kilograms grams [sic] of cocaine, Oxycontin (Oxycodone), Schedule II controlled substances, in excess of 1 kilogram of heroin, a [S]chedule I controlled substance, in violation of Title 21, United States Code, Section 84l (a)(l)."[3] *Id.* at 11.

At the time of his arrest, Petitioner was paroled as of December 18, 2008, from a prior state sentence. *Id.* at 25. As a result of his federal arrest, Petitioner was detained at Lackawanna County Prison. *Id.* at 10, 16. The Board lodged a detainer on June 7, 2013, and held a state parole detention hearing at that facility on June 25, 2013. *Id.* at 25, 31. At the hearing, Petitioner proceeded *pro se*. *Id.* at 31. The Board Hearing Examiner ordered Petitioner detained pending the disposition of his criminal charges. *Id.* at 32.

On April 28, 2015, Petitioner pled guilty in the United States District Court for the Middle District of Pennsylvania to 1 count of conspiracy to deliver cocaine and was sentenced to 75 months of federal incarceration. *Id.* at 35-36. The Board verified that conviction on May 11, 2015, and on June 16, 2015, the Board issued a new warrant to commit and detain Petitioner. *Id.* at 41-42. On January 8, 2019, Petitioner waived his right to counsel and waived his right to a parole revocation hearing. *Id.* at 44.

---

[3] 21 U.S.C. §841(a)(1).

Petitioner was recommitted as a CPV on March 7, 2019, and denied credit against his state parole backtime for any of the time between his December 18, 2008 release and the completion of the service of his new federal sentence on November 15, 2018. *Id.* at 55, 57. Petitioner filed an administrative review petition with the Board, with the assistance of counsel, on April 2, 2019. *Id.* at 62-65. The Board denied Petitioner's request on November 5, 2019. *Id.*

On appeal to this Court, Petitioner argues that the Board violated the Prisons and Parole Code requirement that the service of state parole backtime precede the service of a new federal sentence. *See* 61 Pa. C.S. § 6138(a)(5.1).[4] Petitioner asks that this Court vacate the Board's March 7, 2019 order recommitting Petitioner as a CPV. The Board contends that at the time of Petitioner's federal conviction, he was in federal custody, and therefore, the Board was unable to recommit him as a CPV to serve his state parole backtime prior to serving his federal sentence.

## II.   Discussion

Petitioner argues that the Board violated the Prisons and Parole Code through its inaction by not taking Petitioner into custody during the approximately month-long period from May 11, 2015, to June 16, 2015, following the Board's verification of Petitioner's federal conviction. In Petitioner's view, Petitioner's federal sentence and, accordingly, federal custody, did not begin until he was received at the federal detention facility where his federal sentence was to be served. Petitioner believes that the Board should have taken him into custody during the

---

[4] 61 Pa. C.S. § 6138(a)(5.1) reads: "If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea . . . the parolee shall serve the balance of the original term before serving the new term."

period prior to his federal incarceration in order to comply with 61 Pa. C.S. § 6138(a)(5.1). The Board counters that Petitioner was outside the jurisdiction of the Department of Corrections (DOC), meaning that the Board was unable to recommit him as a CPV.

Petitioner cites *Fumea v. Pennsylvania Board of Probation and Parole*, 147 A.3d 610 (Pa. Cmwlth. 2016), which held that the order of service of sentences prescribed by 61 Pa. C.S. § 6138(a)(5.1), compelled the Board of Probation and Parole to take custody of a federally sentenced CPV who was not yet in federal custody. In *Fumea*, the CPV's state parole agent was present at the CPV's federal sentencing and failed to take custody of the CPV. *Id.* As a result, the CPV could not be recommitted for his parole violation and did not serve his sentences in the proper order. *Id.* This Court dismissed the parole violation charges with prejudice on the basis that the CPV was not afforded a timely revocation hearing. *Id.*

However, this Court has since distinguished its decision in *Fumea.* In *Brown v. Pennsylvania Board of Probation and Parole*, 184 A.3d 1021, 1027 (Pa. Cmwlth. 2017), this Court held that if a parole violator is "in federal custody both before and after his federal sentencing and . . . [the Board] received official verification of [the CPV's] conviction[,]" then the Board is not compelled to act on its knowledge of a new conviction. Where there was no mechanism for the Board to bring back an individual from federal custody to comport with the Prisons and Parole Code's order of service of sentences, this Court declined to require action on the part of the Board. *See id.* While Petitioner acknowledges this Court's subsequent holding in *Brown*, Petitioner argues that *Brown* spoke to the narrow circumstances in which the parolee does not dispute the fact that he was in federal custody. In the present case, Petitioner disputes the Board's assertion that his federal

4

custody began on May 11, 2015, and further claims that the Board's month-long inaction not only violated the Code, but invalidated his conviction as a parole violator. Pet'r's Br. at 14-5.

Neither Petitioner nor the Board dispute the fact that Petitioner violated the conditions of his parole when he was convicted of new federal offenses. Further, the Board does not dispute that under the law, specifically 61 Pa. C.S. § 6138(a)(5.1), Petitioner should have served his original sentence prior to serving his federal sentence. However, the Board asserts that Petitioner was not available to the Board until after he served his federal sentence.

In its brief, the Board clarifies the timeline of events surrounding Petitioner's new federal sentence. As previously stated, Petitioner was arrested by United States Marshals on June 6, 2013. C.R. 26-28. At no time was Petitioner returned to an SCI after his federal arrest. While the Board lodged a detainer for Petitioner on June 7, 2013, Petitioner remained in federal custody. C.R. at 25. On November 4, 2013, with Petitioner still in federal custody, Petitioner reached his controlling maximum sentence date on his state sentence, rescinding the Board's detainer. The Board received official verification of Petitioner's federal conviction on May 11, 2015, and the Board executed a new warrant to detain on June 16, 2015. *Id.* at 41, 46.

The Board asserts that it did not have the opportunity to take custody of Petitioner until he was returned from federal custody to an SCI on November 15, 2018. While the Board notes this Court's decision in *Fumea*, the Board argues that Petitioner fails to acknowledge an important factual difference between *Fumea* and the present case. In *Fumea,* the CPV posted bail on his federal charges on the date of his indictment and, as a result, upon expiration of his original state maximum date

5

and the rescission of the Board's detainer against him, he was released to the street. *Fumea*, 147 A.3d at 611-12. This Court held that due to the Board's inaction during the CPV's street time, 61 Pa. C.S. §6138(a)(5.1) was violated and the CPV's state conviction for parole violation was improper. *Id.* This Court also found that the presence of a Board official at the CPV's federal sentencing and the official's subsequent failure to take custody of the CPV following communication with the judge constituted an error on the part of the Board. *Id.* Petitioner in the present case never posted bail and an official for the Board was not present at any federal sentencing or proceeding. Therefore, the opportunities for the Board to take custody of the CPV in *Fumea* did not exist for the Board in the present case.

The Board also asserts that Petitioner's reliance on this Court's decision in *Brown* is misplaced. In *Brown*, this Court noted:

> [U]nder the regulations, when a parolee is in federal custody, confined in a federal facility, or otherwise unavailable, the Board's duty to hold a revocation hearing, or take other action beyond issuing a detainer, is deferred until the parolee is returned to a[n] SCI regardless of when the Board received official verification of a parolee's new conviction.

*Brown*, 184 A.3d at 1025. In the present case, the Board twice issued detainers to take custody of Petitioner, but Petitioner's federal custody prevented his return to an SCI. Petitioner was released from federal custody on November 15, 2018. Petitioner waived his right to counsel and a parole revocation hearing on January 8, 2019, and was recommitted as a CPV on March 7, 2019. C.R. at 44, 55, 57. The Board argues that this Court's holding in *Brown* supports its assertion that it was not required to hold a revocation hearing prior to Petitioner's return to an SCI. As the Board issued detainers for Petitioner, the Board was not under any further obligation to pursue custody of Petitioner. *See Brown.*

6

Petitioner's only argument for vacating his state sentence as a CPV is that his state sentence was not completed prior to his federal sentence. *See* 61 Pa. C.S. §6138(a)(5.1). While this Court held in *Fumea*, that due to Board inaction, the CPV's parole violation charges were dismissed, the facts of that case vary greatly from the case at present. The Board did not fail to take custody of Petitioner due to its own inaction. The Board could not comply with 61 Pa. C.S. §6138(a)(5.1), simply because Petitioner was never released from federal custody from the time of his arrest by United States Marshals on June 6, 2013, to his release to an SCI from federal custody on November 15, 2018. As Petitioner did not post bail for his federal sentence, he did not become available to the Board such that the Board had an opportunity to take custody of him. Additionally, as this Court held in *Brown*, the Board did not have a duty to pursue action beyond issuing a detainer to take Petitioner into custody. Therefore, the Board did not err in requiring Petitioner to serve his state backtime subsequent to the completion of his federal sentence.

### III.   Conclusion

As the Board's inability to take custody of Petitioner did not arise from its own inaction, but instead, from Petitioner being in federal custody, the Board did not err in requiring Petitioner to serve his state backtime following his federal sentence. While 61 Pa. C.S. §6138(a)(5.1) provides that state sentences should be served prior to federal sentences, this Court has clarified, specifically in *Brown*, the duties of the Board in securing custody of a CPV.

Accordingly, we affirm the decision of the Board.

_____
J. ANDREW CROMPTON, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Sie Patnelli,                        :
                         Petitioner    :
                                            :
        v.                                  :    No.  1594 C.D. 2019
                                            :
Pennsylvania Board of                       :
Probation and Parole                        :
                    Respondent              :

# **O R D E R**

AND NOW, this 23rd day of November 2020, we AFFIRM the decision of the Pennsylvania Board of Probation and Parole.

_____
J. ANDREW CROMPTON, Judge