IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymont Bailey,                          :
                    Petitioner          :
                                         :
        v.                               :    No. 871 C.D. 2023
                                         :
Pennsylvania Parole Board,               :    Submitted: July 5, 2024
                    Respondent          :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION
BY JUDGE McCULLOUGH                              FILED: September 3, 2024


        Raymont Bailey (Petitioner) petitions for review of the July 28, 2023 order
of the Pennsylvania Parole Board (Board), which affirmed its March 16, 2023 (mailed
March 21, 2023) determination recommitting Petitioner as a convicted parole violator
(CPV) and recalculating his maximum sentence date. On appeal, Petitioner challenges
the Board's decision not to award him credit for 569 days of time he spent at liberty on
parole.[1] Petitioner has also filed an application seeking remand to permit him to present
argument regarding the time credit issue. Upon review, we affirm the Board's order
and deny the application for remand.

---

[1] The time a parolee spends at liberty on parole is also referred to as "street time." *Plummer v. Pennsylvania Board of Probation and Parole*, 216 A.3d 1207, 1209 n.1 (Pa. Cmwlth. 2019).

## Background

The relevant facts and procedural history of this case are as follows. On September 26, 2014, Petitioner entered a guilty plea in the Court of Common Pleas of Philadelphia County (trial court) to one count each of possession with intent to deliver a controlled substance (PWID), criminal conspiracy to commit PWID, and person not to possess a firearm.[2] (Certified Record (C.R.) at 1-2.) The trial court sentenced Petitioner to an aggregate term of 2½ to 10 years' incarceration, with minimum and maximum dates of April 15, 2015, and October 15, 2022, respectively.

Petitioner was released on parole on August 5, 2015, after he executed a statement detailing the conditions of his parole, including that he report to and maintain regular contact with the parole supervision staff. He was also advised:

> **If you are convicted of a crime committed while on parole/reparole**, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, **with no credit for time at liberty on parole**.

(C.R. at 7) (emphasis added).

Petitioner was at liberty on parole for 569 days from August 5, 2015, to February 24, 2017, when he was arrested for leaving the district without permission. By decision issued May 21, 2017, the Board recommitted Petitioner as a technical parole violator (TPV) to serve six months for the violation. (C.R. at 11.) He was released on automatic reparole[3] to a community corrections center on August 24, 2017,

---

[2] Section 13(a)(30) of the Controlled Substance, Drug, Device, and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30), and Sections 903(c) and 6105(a)(1) of the Crimes Code, 18 Pa. C.S. §§ 903(c), 6105(a)(1), respectively.

[3] *See* Section 6138(d)(3)(i) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6138(d)(3)(i) (providing that a TPV shall be recommitted for a maximum period of six months for a first recommitment, after which he will be automatically reparoled).

2

with the maximum date on his original sentence remaining October 15, 2022. (C.R. at 14-16.)

On August 19, 2021, the Board declared Petitioner delinquent for his failure to report. On March 2, 2022, Petitioner was arrested by the Philadelphia Police Department on charges of aggravated assault and several related offenses (Docket No. 3723-2022). (C.R. at 39.) On December 12, 2022, Petitioner entered a guilty plea to two counts of aggravated assault and one count each of person not to possess a firearm and possession of an instrument of a crime (PIC).[4] The trial court sentenced him to an aggregate term of 2 to 5 years of incarceration. (C.R. at 46.)

On February 22, 2023, the Board issued Petitioner a notice of parole violation based on the new conviction and informed him of his rights to a revocation hearing and counsel. Petitioner waived these rights and admitted to the violation. (C.R. at 34-38.) By Notice of Decision mailed March 21, 2023, the Board recommitted Petitioner as a CPV to serve 36 months of backtime (Decision).[5] The Board did not award Petitioner credit for street time because he had "COMMITTED AN ENUMERATED VIOLENT OFFENSE UNDER 42 PA. C.S. § 9714(G) THAT PROHIBITS AWARDING CREDIT FOR TIME AT LIBERTY ON PAROLE." (C.R.

---

[4] Sections 2702(a)(1) of the Crimes Code, 18 Pa. C.S. §§ 2702(a)(1) (attempt to cause serious bodily injury or causes injury with extreme indifference), 6105(a)(1) and 907(a), respectively.

[5] Petitioner concedes that this 36-month recommitment term falls within the presumptive range, and he does not challenge it on appeal. (Petitioner's Brief, at 4, 12.); see also 37 Pa. Code §§ 75.1, 75.2 (Board regulations setting presumptive ranges of recommitment terms for CPVs); Smith v. Pennsylvania Board of Probation & Parole, 574 A.2d 558, 560 (Pa. 1990) ("As long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment.").

3

at 81) (capitalization in original).[6] The Board entered an Order to Recommit, with a recomputed maximum date of July 19, 2029. (C.R. at 79.) In making this calculation, the Board added the 569 days Petitioner spent at liberty on parole before his initial recommitment as a TPV in May of 2017, *i.e.*, from August 5, 2015, through February 24, 2017, as time that he forfeited upon recommitment as a CPV.

On April 11, 2023, Petitioner filed both counseled and *pro se* administrative remedies forms challenging the Board's Decision. By order issued July 28, 2023, the Board affirmed its Decision and found that it properly declined to award Petitioner credit for street time under the applicable provisions of the Parole Code given the violent nature of his new offenses. In doing so, it explained:

> On February 24, 2023, the Board voted to revoke [Petitioner's] parole for the new Philadelphia County conviction. Based on the above facts, [Petitioner] was at liberty on parole for 569 days from August 5, 2015[,] to February 24, 2017. [Petitioner] was also left with 1,878 days to serve on his original sentence when he reparoled on August 24, 2017. The Board's decision to recommit [Petitioner] as a CPV authorized the recalculation of his maximum date to reflect that he received no credit for the time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(2). Considering [Petitioner's] new offenses, namely Aggravated Assault graded as a Felony in the First Degree, prohibit discretion regarding the Board's authority to grant or deny such credit, this means that he owed 1,878 days based on the recommitment. 61 Pa. C.S. § 6138(a)(2.1)(i). Because [Petitioner's] offense prohibits discretion, he also owed the 569 days he was previously at liberty on parole, thus bringing the total balance to 2,447 days on his original sentence. 61 Pa. C.S. § 6138(c)(2).[7]

---

[6] Section 9714(g) of the Sentencing Code lists several serious offenses meeting the definition of "crime of violence" including aggravated assault as defined in Section 2702(a)(1) of the Crimes Code, 18 Pa. C.S. § 2702(a)(1). 42 Pa. C.S. § 9714(g).

[7] Specifically, Section 6138(c)(2) of the Parole Code authorizes the forfeiture of street time credit and provides in pertinent part: "Credit awarded to a technical parole violator for time served on parole in good standing **is subject to forfeiture if the offender is subsequently recommitted as a convicted parole violator**." 61 Pa. C.S. § 6138(c)(2) (emphasis added).

4

(C.R. at 89-90.)

On August 14, 2023, Petitioner filed a counseled petition for review in this Court. Petitioner retained new counsel in March of 2024, who has filed an application seeking remand to present argument concerning forfeiture of his street time in order to preserve this issue for appeal. (Application to Remand, 3/15/24, ¶¶ 3-4.) However, because this issue was addressed during proceedings before the Board and in Petitioner's appellate brief, we find that remand is not necessary and deny the application.

## **Issue**[8]

Petitioner's sole argument on appeal is that the Board erred by forfeiting his street time credit upon his recommitment as a CPV. (Petitioner's Br., at 10-12.)[9] According to Petitioner, the Board was obligated to grant him credit for the time he spent at liberty on parole—*i.e.*, the 569 days between the time he was paroled on August 5, 2015, and when he was arrested for leaving the district without permission on February 24, 2017. Petitioner contends that, when the Board recommitted him as a TPV, it awarded him credit for the 569 days spent at liberty on parole and, therefore, was subsequently prohibited from denying him credit for that time when it recommitted him as a CPV. Petitioner argues that the Board's forfeiture of this street time violates

---

[8] "This Court's review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated." *Brown v. Pennsylvania Board of Probation and Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017). To the extent that this appeal involves statutory interpretation, our standard of review is *de novo* and our scope of review is plenary. *Scott v. Pennsylvania Board of Probation and Parole*, 284 A.3d 178, 186 (Pa. 2022).

[9] Although the heading of Petitioner's argument asserts Board error in failing to grant him proper credit for time served, the body of his argument does not address this issue and instead focuses exclusively on the Board's forfeiture of the 569 days of credit for street time. (Petitioner's Br., at 10-12.)

this Court's decision in *Penjuke v. Pennsylvania Board of Probation and Parole,* 203 A.3d 401 (Pa. Cmwlth. 2019).

The Board responds that, because it ultimately recommitted Petitioner as a CPV, it properly recalculated his new maximum date when it added the 569 days to the time that remained on his original sentence, as this street time was subject to forfeiture under the relevant provisions of the Parole Code. (Board's Br., at 11-13.) We agree with the Board.

### Analysis

We begin by noting the legislature has provided that generally, upon recommitment as a CPV, "the parolee must serve the remainder of the term which he would have been compelled to serve had he not been paroled with no credit given for street time." *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007); *see also* Section 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. § 6138(a)(2.1). The Board, when computing the time yet to be served on the original sentence, adds the CPV's street time to the original maximum expiration date to create a new maximum expiration date. *Armbruster,* 919 A.2d at 351.

However, on June 30, 2021, Section 6138 of the Parole Code was amended to give the Board the discretion to grant a CPV credit for some or all of the time he spent at liberty on parole before committing a new criminal offense. *Ford v. Pennsylvania Board of Probation and Parole*, 226 A.3d 677, 682 (Pa. Cmwlth. 2020). This discretion is limited as "there are instances where the [] Board cannot give credit, such as where the new conviction is for a violent crime. 61 Pa. C.S. § 6138(a)(2.1)." *Id.* Specifically, Section 6138(a)(1)-(2.2) and (c)(1)-(2) of the Parole Code provide in pertinent part:

6

**(a) Convicted violators**.—

(1) The [B]oard may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the offender is convicted or found guilty by a judge or jury or to which the offender pleads guilty or *nolo contendere* at any time thereafter in a court of record.
. . . .

(2) If the offender's parole is revoked, the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, **except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole**.

(2.1) The [B]oard may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, **unless any of the following apply**:

(i) **The crime committed during the period of parole or while delinquent on parole is a crime of violence** or a crime listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders).
. . . .

(2.2) Credit awarded under paragraph (2.1) is subject to forfeiture under this section if an offender is subsequently recommitted as a convicted parole violator.
. . . .

**(c) Technical violators**.—

(1) Subject to paragraph (1.3), an offender under the jurisdiction of the board who violates the terms and conditions of his parole, other than a convicted violator who has parole revoked under subsection (a), may be detained pending a hearing before the [B]oard or waiver of the hearing or recommitted after a hearing before the [B]oard or a waiver of the hearing.
. . . .

7

(2) If the offender is recommitted under this subsection, the offender shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences. **Credit awarded to a technical parole violator for time served on parole in good standing is subject to forfeiture if the offender is subsequently recommitted as a convicted parole violator**.[10]

61 Pa. C.S. § 6138 (a)(1),(2-2.1(i)), (2.2), and (c)(1)-(2)  (emphasis added).

Thus, the plain language of Section 6138(a)(2.1) of the Parole Code unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence, **except** when the CPV is recommitted for certain enumerated classifications of offenses, including crimes of violence. Here, Petitioner was recommitted as a CPV for, *inter alia*, his conviction for two counts of aggravated assault, a felony of the first degree and a crime of violence. Additionally, the 2021 amendment to Section 6138(c)(2) expressly provides for forfeiture of any street time credit awarded to a TPV upon recommitment as a CPV. The Board was therefore statutorily prohibited from granting Petitioner credit for time at liberty on parole and was authorized to forfeit his street time. We further emphasize that Petitioner was advised of the potential consequence of no award of credit for street time in the event he was convicted of a new crime when he was initially released on parole by way of the contemporaneous document that he signed outlining the conditions. (C.R. at 7.)

As noted, Petitioner relies on *Penjuke*, 203 A.3d at 420, to support his position that he is entitled to the 569 days of street time he was previously credited upon his recommitment as a TPV. In examining Section 6138 of the Parole Code, the

---

[10] Pursuant to the Act of  June 30, 2021, P.L. 260, No. 59, § 21, (immed. effective), language was added to Section 6138(c)(2) of the Parole Code expressly providing that credit awarded to a TPV for time served on parole in good standing is subject to forfeiture if he is subsequently recommitted as a CPV. This 2021 amendment became effective before Petitioner committed his new offense of aggravated assault and his recommitment proceedings in this case.

8

*Penjuke* Court held: "[T]he Board lacks the statutory authority to revoke street time credit previously granted to a parolee as a TPV when it subsequently recommits the parolee as a CPV." *Id.* However, *Penjuke* was decided in 2019 and predates the June 30, 2021 amendment to Section 6138 of the Parole Code.[11] The then-current statutory regime as interpreted by the *Penjuke* Court did not specifically provide for forfeiture of previously-credited street time and is, therefore, inapposite to this case. As such, the Board properly revoked the credit Petitioner received for the time he spent at liberty on parole.

Accordingly, we deny Petitioner's application to remand and affirm the Board's order.

_____
PATRICIA A. McCULLOUGH, Judge

---

[11] Section 6138(c)(2) of the Parole Code provided at that time: "If the parolee is recommitted under this subsection, the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences." Former 61 Pa. C.S. § 6138(c)(2).

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymont Bailey,                      :
          Petitioner        :
                              :
     v.                       :    No. 871 C.D. 2023
                              :
Pennsylvania Parole Board,     :
          Respondent    :

# *ORDER*

AND NOW, this 3rd day of September, 2024, the Application to Remand filed by Raymont Bailey is DENIED, and the Pennsylvania Parole Board's July 28, 2023 Order is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge